Per Curiam.

We agree with the counsel for the defendant, that the first count is to be considered, when taken together, as stating no other publication than the sending a letter sealed up from the one party to the other. A letter is always to be understood as sealed, unless otherwise expressed, and the law is too-well settled to be now shaken, 'that sending a letter is no publication on(b) which to *733 ground a private suit.(a) The basis of the action is damages for the injury to character in the opinion of others. This cannot arise but from publication. A criminal prosecution for sending a libellous letter is not founded on publication, but on the inducement which it produceth to a breach of the peace.(b) The provocation is the same in the breast of the party libelled, whether the libel be or be not published to the world. The first count, therefore, does not state a cause of action, and the damages being general, the judgment must be arrested, unless the plain-' tiff wishes for a writ of inquiry de nova, which he is entitled to, on payment of costs agreeable to the decision in the case of Hopkins v. Bedle. Ante, 347.
Judgment arrested nisi.

 Hicks's case, in Hob, 215. Poph. 139. S. C. Hob. 62. 12 Co. Ed *733 wards and Wooten, Cro. Eliz. 487. Phillips v. Jansen, 2 Esp. Rep. 625, per Kenyon, Ch. J.; S. P. Wms. n. (2). Lake v. King, 1 Saund. 132. 2 Bl. 1038, 1 D. & E. 110.

 S. P. by Lord Kenyon, in Phillips v. Jansen, 2 Esp. Rep. 625. The contrary is, however, inadvertently stated by Williams, Serjeant, in note (2), to Lake v. King, 1 Saund. 132. But the cases cited do not bear out the position. In the first (Baldwin v. Elphinston, 2 Bl. Rep. 1037,) the court decided that “printing" was prima facie evidence of publishing; and “ causing to be printed " confirmed the fact of publication, because it called “in a third pen-son." The second was the case of a letter written to a third person, Weatherston v. Hawkins, I D. & E. 110, but not applicable to the principle for which adduced. While making this observation, I feel, from conscious inferiority, ashamed at writing, what may seem a criticism, on so truly learned an annotator. See also to the same effect Waistell v. Holman, 2 Hall, 172.

 This is the reason why a libel is a crime. Its falsity is not the offence,