HIRAM SHEFFILL & wife *vs.* GEORGE J. VAN DEUSEN & wife.

Uttering slanderous words in the presence of the person slandered only is not actionable

ACTION OF TORT for slander. Trial in the court of common pleas, before *Briggs*, J., who signed this bill of exceptions :

" The words claimed to have been slanderous were spoken, if at all, at the dwelling-house of the defendants, and in that part thereof called the bakery, where bread and other articles were sold to customers ; and were spoken by Mrs. Van Deusen to Mrs. Sheffill.

" The defendants asked the court to instruct the jury that if the words alleged in the plaintiffs' declaration were spoken to Mrs. Sheffill, and no other person but Mrs. Sheffill and Mrs. Van Deusen were present, there was no such publication of the words as would maintain the action.

" The court declined so to instruct, but did instruct the jury that if the words were publicly uttered in the bakery of the defendants, there was a sufficient publication, though the plaintiff has not shown that any other person was present, at the time they were spoken, but Mrs. Sheffill and Mrs. Van Deusen. · The jury returned a verdict for the plaintiffs, and the defendants except."

*M. Wilcox*, for the defendants.

*W. K. Peck*, (of Connecticut,) for the plaintiffs. The instructions given were correct and sufficient. The plaintiffs are not bound to prove, as a distinct fact, that some third person heard the words ; those who heard them may be absent or dead. The words having been spoken in a public place, and in a public manner, the presumption is that they were heard by other persons, and so the jury must have thought.

BIGELOW, J. Proof of the publication of the defamatory words alleged in the declaration was essential to the maintenance of this action. Slander consists in uttering words to the injury of a person's reputation. No such injury is done when

the words are uttered only to the person concerning whom they are spoken, no one else being present or within hearing. It is damage done to character in the opinion of other men, and not in a party's selfestimation, which constitutes the material element in an action for verbal slander. Even in a civil action for libel, evidence that the defendant wrote and sent a sealed letter to the plaintiff, containing defamatory matter, was held insufficient proof of publication; although it would be otherwise in an indictment for libel, because such writings tend directly to a breach of the peace. So too it must be shown that the words were spoken in the presence of some one who understood them. If spoken in a foreign language, which no one present understood, no action will lie therefor. *Edwards* v. *Wooton,* 12 Co. 35. *Hickes's case,* Pop. 139, and Hob. 215. *Wheeler & Appleton's case,* Godb. 340. *Phillips* v. *Jansen,* 2 Esp. R. 624. *Lyle* v. *Clason,* 1 Caines, 581. Hammond N. P. 287.

It is quite immaterial, in the present case, that the words were spoken in a public place. The real question for the jury was, were they so spoken as to have been heard by third persons? The defendants were therefore entitled to the instructions for which they asked. *Exceptions sustained*